IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARRIS THOMAS, # K-83959, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00034-JPG |
| | ) |
| DOCTOR SHAH, DOCTOR HAYMES, | ) |
| NURSE BROOKS, ELAINE HARDY, | ) |
| DR. JOHN COE, and MARK HODGE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Farris Thomas, who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1, p. 1). According to the complaint, Plaintiff was diagnosed with a left inguinal hernia on November 1, 2012 (Doc. 1, p. 5). Lawrence medical officials delayed surgical repair of the hernia until September 5, 2014 (Doc. 1, p. 8). As a result, Plaintiff endured twenty-one months of extreme pain. He now sues six Lawrence officials, including three doctors (Shah, Haymes, and Coe), two nurses (Brooks and Hardy), and the warden (Hodge), for violating his right to receive adequate medical care under the Eighth Amendment (Doc. 1, p. 1). Plaintiff seeks monetary damages (Doc. 1, p. 9).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint survives preliminary review.

### The Complaint

According to the complaint, Plaintiff was allegedly diagnosed with a left inguinal hernia on November 1, 2012 (Doc. 1, p. 5).  One of Lawrence's medical providers, Doctor Haymes, agreed that surgical repair of the hernia was necessary.  However, it was delayed.  On February 28, 2013, Plaintiff submitted an emergency grievance, complaining of extreme pain.  He requested surgery.  Warden Hodge denied the grievance on March 5, 2013 (Doc. 1, p. 6).

Plaintiff filed a second request for surgery on March 11, 2013, and a third request on April 27, 2013. He explained that the inordinate delay in surgery had caused him to suffer "extreme pain" for sixteen months (Doc. 1, p. 6). Still, surgery was not performed in response to either request.

Plaintiff instead sought pain medication on June 16, 2013. He was given Tylenol. Plaintiff met with Doctor Coe around June 19, 2013. After reviewing Plaintiff's chart, Doctor Coe agreed that Plaintiff was approved for "something," but did not know what. Instead of surgery, Plaintiff was given a hernia belt, which proved to be ineffective (Doc. 1, p. 7). When Plaintiff again met with Doctor Coe around June 23, 2013, he requested stronger medication. Doctor Coe again agreed that Plaintiff was approved for "something," but still did not know what.

Nurse Brooks met with Plaintiff on July 11, 2013. The nurse instructed Plaintiff to force the hernia "back in." When Plaintiff did so, he suffered unbearable pain. Unfortunately for Plaintiff, the hernia immediately "pop[p]ed back out," returning to its original position (Doc. 1, p. 7).

On September 7, 2013, Plaintiff spoke directly to Warden Hodge. When Plaintiff asked Warden Hodge for surgery, the warden told Plaintiff that "[i]f [his] life was not in danger, they won't pay for [the] surgery" (Doc. 1, p. 8). More than seven months passed before surgery was approved.

Doctor Coe finally agreed to refer Plaintiff for surgery on April 24, 2014 (Doc. 1, p. 8). Plaintiff received a second approval from an outside provider on May 23, 2014. He underwent surgery to remove the hernia in his left testicle on September 5, 2014. In all, Plaintiff claims to have suffered through twenty-one months of unnecessary pain.

Plaintiff now sues six Lawrence officials in connection with these events, including Defendants Shah, Haymes, Brooks, Hardy, Coe, and Hodge. He asserts an Eighth Amendment deliberate indifference to medical needs claim against them (Doc. 1, p. 9). Plaintiff seeks $200,000.00 in monetary damages against Defendants.

## Discussion

The complaint states a viable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Haymes, Brooks, and Coe. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and; (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Plaintiff's medical condition was diagnosed by a physician as requiring surgery in 2012. Even so, these medical provider defendants delayed surgical repair of Plaintiff's hernia for twenty-one months, while Plaintiff allegedly suffered from significant and prolonged pain. Under the circumstances, Plaintiff shall be allowed to proceed with Count 1 against Defendants Haymes, Brooks, and Coe.

Plaintiff shall also be allowed to proceed with the deliberate indifference to medical needs claim against Defendant Hodge. Plaintiff spoke directly to Defendant Hodge about his medical condition, the need for surgery, and the inordinate delay in treatment. Plaintiff also filed an emergency appeal with him. Despite doing so, Defendant Hodge denied Plaintiff's requests.

Normally, a non-medical administrator, like the warden, is entitled to defer to the judgment of prison health professionals, as long as the administrator does not ignore the inmate's requests for medical care. *See Berry*, 604 F.3d at 440; *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). However, the statement of claim suggests that Defendant Hodge may have done just that when he told Plaintiff that he would not receive surgery unless he was dying. For now, the Court cannot dismiss Defendant Hodge from this action.

However, Defendants Shah and Hardy shall be dismissed without prejudice. The case caption lists both individuals as Defendants. The statement of claim does not mention either. Their names appear only occasionally in various exhibits. However, this is not enough to state a claim against either party because the Court is unable to ascertain what basis for relief Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that

individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has not included Defendants Shah or Hardy in the statement of claim, the complaint does not adequately state claims against these individuals or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Shah and Hardy will be dismissed from this action without prejudice.

In summary, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Haymes, Brooks, Coe, and Hodge. However, this claim shall be dismissed without prejudice against Defendants Shah and Hardy.

### Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **SHAH** and **HARDY** are **DISMISSED** without prejudice from this action, based upon the complaint's failure to state any claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **HAYMES, BROOKS, COE,** and **HODGE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 9, 2015**

<u>*s/J. Phil Gilbert*</u>
**U.S. District Judge**