IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARRIS THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:15-cv-34-JPG-DGW |
| | ) |
| DOCTOR HAYMES, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Plaintiff, Farris Thomas, on January 12, 2015 (Doc. 3) and the Motion for Status filed by Plaintiff on March 19, 2015. The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the Motion for Status is **DENIED AS MOOT**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In his Motion, Plaintiff states that he contacted "law firms" seeking representation but that he is not sure that he put enough information in the letters to acquire counsel. In his subsequent motion, Plaintiff states that he contacted 8 lawyers seeking representation. This is an insufficient showing that Plaintiff has made an attempt to acquire counsel without Court assistance. Plaintiff appears capable of reading and writing English and is able to set forth his claim of relief. Prior to determining whether the Court should assist Plaintiff in recruiting counsel, Plaintiff must demonstrate that he contacted at least three (3) attorneys seeking representation in this case. In any future motion for recruitment of counsel, Plaintiff shall indicate who he contacted, when he sent them a letter, he shall attach a copy of the letters to the Motion, and he shall indicate what response, if any, he received.

**IT IS SO ORDERED.**

**DATED: April 9, 2015**

                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**